UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY NAPOLEON JONES, | No. 2:18-cv-2940-EFB P |
| Plaintiff, | |
| v. | ORDER |
| FRANK KENNEDY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis (ECF No. 3).

### Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1 relief may be granted," or "seeks monetary relief from a defendant who is immune from such
2 relief." *Id.* § 1915A(b).

3       A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
4 of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
5 plain statement of the claim showing that the pleader is entitled to relief, in order to give the
6 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
7 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
8 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
9 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
10 U.S. 662, 679 (2009).

11       To avoid dismissal for failure to state a claim a complaint must contain more than "naked
12 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
13 action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
14 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
15 678.

16       Furthermore, a claim upon which the court can grant relief must have facial plausibility.
17 *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
18 content that allows the court to draw the reasonable inference that the defendant is liable for the
19 misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a
20 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
21 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
22 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23 <center>Screening Order</center>

24       The complaint concerns the medical care, or lack thereof, that plaintiff received at Mule
25 Creek State Prison following the surgical removal of a cyst on December 18, 2017 at San Joaquin
26 General Hospital. ECF No. 1 at 3. Plaintiff alleges that the doctors at San Joaquin General
27 should have sent him to an after-care facility until his wound – which required seven stitches –
28 was completely healed. *Id.* at 3, 7. Instead, plaintiff was returned to his cell and his after-care

consisted of nothing more than a "three day lay in." *Id.* He received no pain medication despite excruciating pain, had no donut to sit on or a mobility vest, did not see a doctor or nurse for ten days, did not have his dressings changed for ten days, did not receive sitz baths, and had to walk to breakfast and lunch with bloody, smelly fluid leaking from his stitches. *Id.* at 3-5. The doctors at San Joaquin apparently e-mailed unspecified after-care instructions to plaintiff's primary care physician at Mule Creek, but the physician told plaintiff that she had not received any such instructions. *Id.* at 4. Plaintiff alleges that his pain persisted for over five months and that he endured at least two more lengthy periods of time between dressing changes. *Id.* at 4, 6. Ultimately, plaintiff's wound became infected and the stitches were not removed until April. *Id.* at 6. According to plaintiff, "[a]ll of the defendants in this complaint blamed each other for all of the mistakes made." *Id.* at 4. Plaintiff asserts Eighth Amendment deliberate indifference to medical needs claims and state law negligence claims against various physicians and "Doe" defendants.

To act with deliberate indifference, a prison official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Negligence will not support a cause of action under 42 U.S.C. § 1983. *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976)); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Plaintiff's disagreement with the decision made by the physicians at San Joaquin General Hospital to return him to Mule Creek is insufficient to establish deliberate indifference. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of opinion does not amount to a deliberate indifference to [the inmate's] medical needs."). And the claim against his primary care physician, as currently articulated, sounds in negligence rather than deliberate indifference. That is, plaintiff does not allege that his primary care physician intentionally ignored any after-care instructions, only that she did not know about them. *See Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013) (negligence or gross negligence does not constitute deliberate indifference). If plaintiff wishes to proceed, he must file an amended complaint which

allege facts showing that a specific defendant knowingly denied him adequate medical care following his surgery. If plaintiff complained about inadequate medical care, he should allege when he complained, to whom he complained, and how his complaints were responded to. Claims against "Doe" defendants cannot survive screening because unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

Lastly, the court notes that plaintiff's request for relief includes a request to be immediately released from custody. ECF No. 1 at 11. Any claim seeking such relief can only be brought by way of a habeas action and not as part of a civil rights complaint. *See Nettles v. Grounds*, 830 F.3d 922, 927-931 (9th Cir. 2016) (claims which would result in immediate release if successful fall within core of habeas corpus).

<u>Leave to Amend</u>

Plaintiff will be given an opportunity to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George,* 507 F.3d at 607. Nor, as he was warned above, may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 3) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order; and

4. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: February 24, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE