UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY NAPOLEON JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANDAR AUNG, *et al.*,<br><br>　　　　Defendants. | Case No.  2:18-cv-02940-JDP (PC)<br><br>ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS CASE[1]<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 22 |

　　　Leroy Napoleon Jones ("plaintiff") alleges that, while he was incarcerated at Mule Creek State Prison, defendants Sandar Aung and Marianne Ashe, physicians both, violated his Eighth Amendment rights by denying him adequate medical care for a pilonidal cyst.[2]  Defendants have filed a motion for summary judgment and argue that the medical evidence establishes that they

---

[1] Plaintiff has consented to magistrate judge jurisdiction, ECF No. 8, but defendants have not.

[2] Defendants describe a pilonidal cyst as "a type of cyst which commonly occurs near the tailbone at the top of the buttocks."  ECF No. 22 at 3.

1

were not deliberately indifferent to plaintiff's medical needs. After reviewing the pleadings, I recommend that defendants' motion be granted.

### I. Legal Standards

#### A. Summary Judgment Standard

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant partial summary judgment, sometimes known as summary adjudication, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist*., 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of

material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.,* 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**B.    Eighth Amendment Deliberate Indifference to Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury

3

or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Indifference may be manifest "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* When a prisoner alleges a delay in receiving medical treatment, the delay must have led to further harm for the prisoner to make a claim of deliberate indifference to serious medical needs. *See McGuckin*, 974 F.2d at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.* (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.* at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." *Id.* (citing *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). Additionally, a difference of opinion between an inmate and prison medical personnel—or between medical professionals—on appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *See Toguchi*, 391 F.3d at 1058; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

## II. Background

### A. Plaintiff's Allegations

Plaintiff alleges that, in December 2017 and while incarcerated at Mule Creek State Prison ("MCSP"), he underwent the surgical removal of a pilonidal cyst at San Joaquin General Hospital ("SJGH"). ECF No. 13 at 4. He claims that, upon his return MCSP, defendants failed to examine him or change his wound dressing for ten days. *Id.* He also claims that they did not provide him with any pain medication. *Id.* Plaintiff alleges that, because of defendants' neglect, he developed a serious infection requiring a second surgery in mid-2018. *Id.* at 5.

### B. Defendants' Account of Plaintiff's Care

Defendants, relying on plaintiff's medical records, paint a different picture. They acknowledge plaintiff's surgery in December 2017. ECF No. 22-1 at 2 ¶2. But defendants state that, upon plaintiffs return to MCSP, he was allowed a three-day cell "lay-in" and prescribed Tylenol # 3 for pain. *Id.* at 2 ¶3. They maintain that his wound was regularly examined from December of 2017 until August of 2018 and that he was given the materials necessary to clean it. *Id.* at 2 ¶4. At a post-operation examination on December 29, 2017, Dr. Kennedy, a physician at SJGH, opined that the wound was healing well. *Id.* at 2 ¶5.

Defendant Aung noticed discharge emanating from plaintiff's wound on January 5, 2018 and prescribed an antibiotic to treat it. *Id.* at 2 ¶6. During a January 12, 2018 consult, a SJGH physician noted that there were no longer any signs of infection and that plaintiff denied feeling any pain. *Id.* at 2 ¶7. Signs of infection returned on January 18, 2018, and Defendant Ashe restarted antibiotics. *Id.* at 2 ¶8. A January 26, 2018 post-operative appointment at SJGH again showed the wound to be healing well and it was recommended that sutures be removed in four weeks. *Id.* at 2 ¶9.

All but two sutures were removed on April 16, 2018. *Id.* at 3 ¶13. On April 25, 2018, "purulent drainage" was discovered at the wound site and defendant Ashe again restarted antibiotics. *Id.* at 3 ¶16. At a surgical follow-up at SJGH, a new provider, Dr. Matolo, determined that a second operation was necessary to eliminate the cyst. *Id.* at 4 ¶17. Plaintiff

underwent the second surgery on June 28, 2018 at SJGH and then was sent to California State Prison-Solano. *Id.* at 4 ¶18. Plaintiff returned to MCSP on August 2, 2018, after which it is documented that his wound healed well until it completely closed on October 2, 2018. *Id.* at 4 ¶¶19-20.

**C.  Analysis**

The evidence demonstrates that defendants were not deliberately indifferent toward plaintiff's medical needs. Defendants' account of plaintiff's care, reproduced above, is supported by the medical records. For instance, although plaintiff alleges that his care immediately following the first surgery was inadequate, records from his follow-up appointment at SJGH on January 12, 2018 indicate that his wound was healing well. ECF No. 22-2 at 11 (noting "mild drainage," but "no signs of infection or arrythmia in the surrounding skin."). Two weeks later, on January 26, 2018, records from another follow-up appointment at SJGH also indicate that plaintiff was progressing well. *Id.* at 13 (stating that "dressing shows some mild purulence only, and the dressing that was removed that had been there the previous 24 hours shows really minimal drainage."). Prison medical records indicate that plaintiff was given a two-day prescription for Tylenol 3 after the first surgery and, on January 5, 2018, he was prescribed naproxen for pain. ECF No. 26 at 24. The records also show that his wound was examined periodically and, when signs of a possible infection were seen, antibiotics were prescribed. *Id.* at 37-39. Confronted with this evidence, plaintiff's bare allegations that his treatment was inadequate are insufficient to preclude summary judgment. *See Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment.").

Although plaintiff ultimately had to undergo a second surgery to remove the cyst, a negative outcome does not automatically support a deliberate indifference claim. If it did, there would be no need to draw a distinction between medical malpractice and the higher threshold of deliberate indifference. *See Estelle*, 429 U.S. at 105-06. And as defendants point out in their declarations, the area of the body where a pilonidal cyst forms (the cleft of the buttocks) is

1    especially susceptible to bacterial infection, even with diligent care. ECF No. 22-3 at 4 ¶23.

2        In his opposition, plaintiff disputes only a few of defendants' factual claims. He
3    contradicts only defendants' assertions: (1) that he received sitz baths (SUMF # 4); (2) that
4    defendants personally examined his wounds, rather than merely being present when a nurse
5    changed the dressings (SUMF # 8); and (3) that defendant Ashe ever physically examined the
6    wound (SUMF # 11).³ ECF No. 26 at 3. These disputes do not create questions of material fact.
7    With respect to the issue of sitz baths, there is no evidence that the failure to provide them caused
8    plaintiff any discernable harm. Plaintiff attributes his infection to the failure to timely remove the
9    wound sutures, not to the absence of sitz baths. *Id.* at 4 ("The sutures were in plaintiff for [four]
10   months which created an infection that required a second surgery.").⁴ With respect to the other
11   two disputed statements, it is irrelevant whether defendants personally changed plaintiff's wound
12   dressings or "physically" examined his wound. What matters is whether the care they prescribed
13   was constitutionally adequate.

14       It is ORDERED that the Clerk of Court shall assign a district judge to rule on these
15   findings and recommendations.

16       It is RECOMMENDED that:

17       1.    Defendants' motion for summary judgment, ECF No. 22 be granted and plaintiff's
18   claims against them be dismissed with prejudice; and

19       2.    The Clerk of Court be directed to close this case.

20       I submit these findings and recommendations to the district judge under 28 U.S.C.
21   § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,
22   Eastern District of California. Within 14 days of the service of the findings and
23   recommendations, any party may file written objections to the findings and recommendations
24   with the court and serve a copy on all parties. That document should be captioned "Objections to

---

³ Plaintiff also disputes whether he ever refused medical transport. ECF No. 26 at 4. I find this dispute irrelevant to the resolution of the motion at bar, however.

⁴ And that claim is belied by the record. The decision to leave the sutures belonged to SJGH physicians. ECF No. 22-2 at 11 (sutures not to be removed due to risk of "wound breakdown"); 13 ("At this point we will keep the sutures . . . we will have him come back in four weeks for suture removal.").

Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   August 5, 2021

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE